**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **CARRIE STANGLE** | ) |
|     **Plaintiff,** | ) |
| | ) |
|     **v.** | )**CASE NO. 4:24-CV-00020** |
| | ) |
| **WHITE COUNTY COMMUNITY** | ) |
| **CORRECTIONS** | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Carrie Stangle complains of acts and omissions by the Defendant. In support of this Complaint, and as cause of action against the Defendant, Plaintiff respectfully submits the following:

### JURISDICTION

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e and Age Discrimination in Employment Act 29 U.S.C. § 621, et seq.

2. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and received a notice of right to sue on December 19, 2023.

### FACTS

3. Plaintiff is a 48 year old woman.

4. Plaintiff began working for White County as a Case Manager/Administrative Assistant on February 5, 2018.

5. Plaintiff performed her job well.

6. On May 14, 2021, the Director was fired, and the Surveillance Officer assumed the position of Interim Director. This was done despite the fact that Plaintiff had performed director duties whenever the Director was out of the office.

7. Additionally, Plaintiff met the requirements for the position because she has a Bachelor's degree.

8. Plaintiff contacted the Vice-Chairman and asked him the reasoning behind this decision. His response was that the Board believed that Plaintiff would apply for the permanent position.

9. The Surveillance Officer was offered a stipend of around $3,500 to be the Interim Director.

10. The new Interim Director held the position from May 14, 2021 to May 15, 2021. The Interim Director resigned because it was too much stress and he did not want the stress.

11. After the Interim Director resigned, management sent out and email stating that there would be no director at this time; however, Plaintiff assumed the director duties.

12. In September 2021, Plaintiff submitted a letter to the Advisory Board asking for a stipend since she was doing the Director's job. Plaintiff was denied the compensation.

13. Plaintiff did the director duties: collected client fees and deposited them weekly; drafted all DOC monthly reports; drafted reports for the advisory board meetings; drafted home detention evaluations for our program or for transfers to other counties; filed home detention violations; and appeared in court when needed, which was quite often.

14. During this time, Plaintiff worked 9-10 hour days, every day.

15. Plaintiff was not allowed to claim overtime for any hours worked over 35 hours. Instead, any hours over 35 a week was to be considered "comp" time.

16. Plaintiff's younger male employees were allowed to claim overtime.

17. In August 2021, a new Director was hired. The new Director worked for Defendant from August 2021 to March 2022. Although the County had a Director, Plaintiff still did all of the director's duties.

18. The Director position was posted in May 2022, and Plaintiff applied.

19. Plaintiff had done the job since May 2021.

20. Plaintiff received an interview, but did not make it to the second round of interviews.

21. The Board decided not to hire a Director at all and Plaintiff continued doing the director's duties.

22. On October 4, 2022, Plaintiff was terminated and was not given a reason for her termination. However, her younger, male co-workers who stole time, left work early, and who bullied other employees were never disciplined or terminated.

23. Plaintiff was not promoted due to her age.

24. Plaintiff was not promoted due to her gender.

25. Plaintiff was terminated due to her gender.

26. Plaintiff was terminated due to her age.

27. Plaintiff was subjected to different terms and conditions based on her gender.

28. Plaintiff was subjected to different terms and conditions based on her age.

## <u>COUNT I</u>

29. Plaintiff incorporates by reference paragraphs 1-28.

30. Defendant, as a result of terminating Plaintiff due to her sex, violated Title VII 42 U.S.C. § 2000 et al.

## <u>COUNT II</u>

31. Plaintiff incorporates by reference paragraphs 1-28.

32. Defendant, as a result of failing to promote Plaintiff due to her sex, violated Title VII 42 U.S.C. § 2000 et al.

### COUNT III

33. Plaintiff incorporated by reference paragraphs 1-28.

34. Defendant, as a result of failing to promote Plaintiff due to her age, violated Age Discrimination in Employment Act 29 U.S.C. § 621, et seq.

### COUNT IV

35. Plaintiff incorporated by reference paragraphs 1-28.

36. Defendant, as a result of terminating Plaintiff due to her age, violated Age Discrimination in Employment Act 29 U.S.C. § 621, et seq.

### COUNT V

37. Plaintiff incorporated by reference paragraphs 1-28.

38. Defendant, as a result of subjecting Plaintiff to different terms and conditions of employment due to her age, violated Age Discrimination in Employment Act 29 U.S.C. § 621, et seq.

### COUNT VI

39. Plaintiff incorporated by reference paragraphs 1-28.

40. Defendant, as a result of subjecting Plaintiff to different terms and conditions of employment due to her gender, violated Title VII 42 U.S.C. § 2000 et al.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

C.  Award Plaintiff punitive damages;

D.  Award Plaintiff liquidated damages;

E.  Award Plaintiff her cost in this action and reasonable attorney fees;

F.  Grant Plaintiff any other relief which is allowable under the circumstances of this case.

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and respectfully request that this cause be tried by a jury.


Respectfully Submitted,

*/s/Amber K. Boyd*
Amber K. Boyd, 31235-49
**AMBER BOYD ATTORNEY AT LAW**
8510 Evergreen Avenue
Indianapolis. Indiana 46240
Office: 317-960-5070